This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THOMAS CORTEZ,**

     Worker-Appellant,

v.                             **NO. 30,743**

**NEW MEXICO DEPARTMENT OF**
**TRANSPORTATION & NEW MEXICO**
**RISK MANAGEMENT,**

     Employer/Insurer-Appellee.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, District Judge**

Victor Titus
Farmington, NM

for Worker

David L. Skinner
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Worker appeals the WCJ's order to the extent that he was limited to impairment benefits based on his voluntary removal from the workforce. In our first and third

calendar notices, we proposed to affirm, and Worker responded with memoranda in opposition. After due consideration of Worker's arguments, we affirm.

Worker claims that it is wrong to assume that he permanently removed himself "from the labor market." [MIO 2] He contends that, where there is a preponderance of evidence that he intended to continue to work, the WCJ could not find that he voluntarily removed himself from the work force. [MIO 3] In support of his argument, Worker refers to a case that was placed on the general calendar by this Court, and claims that his case involves identical issues. In the case referred to by Worker, there was no dispute that, upon retirement, the worker planned to continue a business that she had worked on the side while she was with her former employer. In this case, on the other hand, Worker presented nothing to show that he planned to move on to another job after his retirement. The WCJ did not err in determining that Worker voluntarily removed himself from the work force by retiring.

Worker argues that he was not offered a permanent job after he was released to return to work. He claims that no one testified about the job offer, and Employer's Exhibit K does not address permanent employment. Worker claims that, without a bona fide job offer, it was error to deny modifiers after he reached MMI. [MIO 5]

Worker was released to modified duty on February 6. [RP 137] Employer offered modified duty work to Worker at his pre-injury wage. [RP 138, 124] Worker

2

returned to work at modified duty for only three days. According to Worker's memorandum in opposition, Exhibit K discusses the offer made to Worker of modified duty, and his refusal to return to work. [MIO 5] After Worker was released to modified duty with the ability to lift 20 pounds, Worker again did not return to work. [MIO 5] Still, Employer affirmed its willingness to have Worker return to work at modified duty. [MIO 5]

In the findings submitted by Worker, he claims that Employer presented no evidence that the job offer was from 2008 "until the present." [RP 125] As indicated by Worker's memorandum in opposition, Exhibit K affirmed Employer's willingness to employ Worker at modified duty and included no time limits on the offer. Based on the record before us, Worker never returned to work and never inquired about the job offer or whether work at modified duty was still an option for him. There is no indication that the offer of employment was temporary, and Worker presented no evidence to support his suggestion that the offer was only temporary. In addition, as discussed in our calendar notice, Worker provides no support for his claim that a job offer must be a "permanent" job offer. We affirm on this issue.

We note that Worker submitted a proposed finding that he did not return to work because he could not perform the work at modified duty. [RP 124] Worker provided no authority for the proposition that he may refuse an offer of work "based

3

alone on his own subjective view of his ability to perform the offered work, where the job comes within the restrictions placed by the worker's doctor." *See Sanchez v. Zanio's Foods, Inc.*, 2005-NMCA-134, ¶ 67, 138 N.M. 555, 123 P.3d 788.

For the reasons discussed in this opinion and in our first and third calendar notices, we affirm the decision of the WCJ.

**IT IS SO ORDERED.**

                                       _____

                                       **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**